UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

 TANYA B.,

        Plaintiff,

v.                  1:19-CV-240
                   (WBC)
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LEWIS L. SCHWARTZ, PLLC<br>  Counsel for Plaintiff<br>1231 Delaware Ave., Ste. 103<br>Buffalo, NY 14209 | LEWIS SCHWARTZ, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | REBECCA ESTELLE, ESQ. |

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

  The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 16.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is granted in part and denied in part, and the Commissioner's motion for remand for further proceedings is granted.

**I.    RELEVANT BACKGROUND**

   **A.    Factual Background**

Plaintiff was born in 1961.  (T. 177.)  She has an associate degree.  (T. 702.) Generally, Plaintiff's alleged disability consists of lumbar and cervical spinal injuries, and shoulder injuries.  (T. 151.)  Her alleged disability covers two closed periods, the first from July 13, 2012 through September 5, 2013 and the second from April 19, 2017 through April 25, 2018.  (T. 703-704, 818.)  Her date last insured is December 31, 2017.  (*Id.*)

   **B.    Procedural History**

On January 24, 2013, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II of the Social Security Act.  (T. 58.)  Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ").  On August 19, 2014, Plaintiff appeared before the ALJ, Grenville Harrop, Jr.  (T. 28-44.)  In a pretrial brief (T. 202) and again at the hearing (T. 30), Plaintiff, through her counsel, amended her claim to a closed period of benefits from July 13, 2012, through September 5, 2013, the day she returned to work.  On December 11, 2014, ALJ Harrop issued a written decision finding Plaintiff not disabled under the Social Security Act.  (T. 12-25.)  On June 7, 2016, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  (T. 1-4.)  Thereafter, Plaintiff timely sought judicial review in this Court.

On May 15, 2017, the Western District of New York signed a Stipulation and Order remanding Plaintiff's claim for a new hearing.  (T. 719-720.)  A Judgment was entered the following day remanding this matter back to the Social Security

Administration. (T. 718.) On September 15, 2017, the AC issued an Order remanding this matter to the Office of Disability Adjudication and Review for a new hearing. (T. 712-716.) The AC directed the ALJ to further evaluated Listing 1.04 "with the assistance of medical expert evidence." (T. 714.) The AC further directed the ALJ to clarify the RFC determination and subsequent step four determination. (T. 714-715.)

On September 14, 2018, a second hearing was conducted, this one by ALJ Paul Georger. (T. 690-711.) During the second hearing, Plaintiff through her attorney requested benefits for a second closed period from April 19, 2017 to April 25, 2018. (T. 703-704.) On December 5, 2018, ALJ Georger rendered a Notice of Decision – Partially Favorable, granting SSD benefits from July 13, 2012 through September 5, 2013, but denying SSD benefits from April 19, 2017 through April 24, 2018. (T. 663-689.) Plaintiff again timely sought judicial review in this Court.

**C.    The ALJ's Decision**

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law. (T. 673-683.) First, the ALJ found Plaintiff met the insured status requirements through December 31, 2017. (T. 673.) Second, the ALJ determined Plaintiff did not engage in substantial gainful activity during the first requested closed period of disability, or from her alleged onset date of July 13, 2012 to September 5, 2013, and her second requested closed period of disability or from April 19, 2017 to April 25, 2018. (*Id*.)

Third, the ALJ found from July 13, 2012 through September 5, 2013, the period during which Plaintiff was under a disability, she had the severe impairments of: degenerative disc disease of the cervical and lumbar spine with herniation discs at C7-

T2 and her not complete tear of the labrum and supraspinatus of the left shoulder, right shoulder problems, and asthma.  (*Id*.)  Fourth, the ALJ found from July 13, 2012 through September 5, 2013, the period during which Plaintiff was disabled, the severity of Plaintiff's impairments in combination medically equaled the criteria of section 1.04 of 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings").  (*Id*.)  The ALJ determined Plaintiff was under a disability from July 13, 2012 through September 5, 2013.  (T. 676.)

Fifth, the ALJ found Plaintiff had not developed any new impairment or impairments since September 6, 2013, the date Plaintiff's disability ended and during the second requested closed period of disability from April 19, 2017 to April 25, 2018, Plaintiff's current severe impairments were the same as that present from July 13, 2012 through September 5, 2013, but improved.  (T. 676.)  Sixth, the ALJ determined, beginning September 6, 2013, and during the second requested closed period of disability from April 19, 2017 to April 25, 2018, Plaintiff had not had an impairment or combination of impairments that meets or medically equals the severity of a Listing. (*Id*.)  Seventh, the ALJ determined Plaintiff had medical improvement which occurred as of September 6, 2013, the date Plaintiff disability ended and continued during her second requested closed period of disability or from April 19, 2017 to April 25, 2018.  (T. 677.)  Eighth, the ALJ found Plaintiff had the residual functional capacity ("RFC"), during the second closed period of disability or from April 19, 2017 to April 25, 2018, to perform sedentary work as defined in 20 C.F.R. § 404.1567(a); except:

> no overhead reaching bilaterally; no use of ramps or stairs; no use of ladders, ropes or scaffolds; no balancing, stooping, kneeling, crouching or crawling; no exposure to humidity and wetness; no exposure to dust, fumes, odors or pulmonary irritants; and no exposure to extreme cold or extreme heat.

(T. 677.)[1]  Lastly, the ALJ determined Plaintiff was capable of performing her past relevant work as a social welfare examiner and switch board/telephone operator.  (T. 682.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes three separate arguments in support of her motion for judgment on the pleadings.  First, Plaintiff essentially argues the ALJ misread the medical opinion from medical expert, John Sabow, M.D.  (Dkt. No. 11 at 13-16.)  Second, Plaintiff argues the ALJ failed to identify and resolve a conflict between vocational expert testimony and the Dictionary of Occupational Titles, and subsequently erred in relying on that testimony.  (*Id*. at 16-22.)  Third, Plaintiff argues her claim "at the very least" requires remand for a new hearing; however, "it is more appropriate" the matter be reversed and remanded for calculation of benefits.  (*Id*. at 22-23.)

### B. Defendant's Arguments

In response, Defendant makes two arguments.  First, Defendant argues remand for further proceedings is appropriate because the ALJ failed to resolve an apparent conflict between the vocational expert's testimony and the Dictionary of Occupational Titles.  (Dkt. No. 13 at 4-5.)  Second, and lastly, Defendant argues remand for calculation of benefits is not warranted.  (*Id*. at 5-7.)

### C. Plaintiff's Reply

---

[1] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.  20 C.F.R. § 404.1567(a).

Plaintiff filed a reply in response to Defendant's Motion for Remand.  (Dkt. No. 14.)  In her reply, Plaintiff requests remand solely for calculation of benefits, or in the alternative, remand with "specific instructions for Defendant to obtain supplemental testimony from Dr. Sabow regarding listing 1.04."  (*Id*. at 3.)

## III.     RELEVANT LEGAL STANDARD

### A.     Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence.  See *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review."  *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.     Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. § 404.1520.  The Supreme Court has recognized the validity of this sequential evaluation process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

**IV.   ANALYSIS**

    **A.   Remand for Further Proceedings to Resolve Conflict Between Vocational Expert Testimony and Dictionary of Occupational Titles**

As an initial matter, both parties agree that remand for further proceedings is necessary because the ALJ failed to resolve an apparent conflict between the vocational expert's testimony and the Dictionary of Occupational Titles.  (Dkt. No. 11 at 16-22, 13 at 5.)  Because both parties agree the ALJ erred in failing to resolve an apparent conflict and remand for further proceedings is necessary, the Court will not address this matter.

    **B.   The ALJ's Step Two and Subsequent Determinations for the Closed Period from April 19, 2017 through April 25, 2018**

Plaintiff essentially argues the ALJ misread Dr. Sabow's testimony and remand for calculation of benefits is warranted because the doctor opined Plaintiff's impairments, in combination, medically equaled Listing 1.04 for the entire time period in question.  (Dkt. No. 11 at 13-14.)  In response, Defendant argues remand for further proceedings is appropriate because Dr. Sabow's testimony is unclear.  (Dkt. No. 13 at 5-7.)

Here, remand for further proceedings is necessary to determine whether Plaintiff's impairment, or combination of impairments, met or equaled a Listing from April 19, 2017 through April 25, 2018.  The fourth sentence of § 405(g) of the Social Security Act permits a district court to affirm, reverse, or modify a decision of the Commissioner "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).  A remand for a rehearing is proper "when further findings would so plainly help to assure the proper

8

disposition of [the] claim." *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2004) (quoting *Rosa v. Callahan*, 168 F.3d 72, 83 (2d Cir. 1999)).  A reversal with remand for the calculation of benefits is appropriate when the record is so clear as to compel a conclusion.  *See Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998) (explaining that outright reversal is only appropriate when "application of the correct legal standard could lead to only one conclusion," but not when the outcome is still uncertain).  For the reasons outlined below, remand for further proceedings is necessary because the record is not so clear as to compel a conclusion.

At step three of the sequential process the ALJ must determine whether Plaintiff's impairment, or combination of impairments, meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1526) ("the Listings").  To meet an impairment listed in Appendix 1, a plaintiff's impairment "must meet all of the specified medical criteria" of a listing. *Sullivan v. Zebley,* 493 U.S. 521, 530, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990) (citing 20 C.F.R. § 404 Subpt. P, App. 1).

Plaintiff's impairments may also be "medically equivalent to a listed impairment [. . .] if it is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 404.1526(a).  If Plaintiff's impairments or combination of impairments meets or medically equals the criteria of a Listing and meets the duration requirement, Plaintiff is disabled.  *Id*. § 404.1509.  If Plaintiff does not meet or equal a Listing, the analysis proceeds to the next step.

As outlined above, Plaintiff requested benefits for two closed periods.  "A closed period of disability is applicable to instances where a claimant is found disabled for a

9

finite period of time, albeit a continuous period of not less than 12 months, following the date of the claim." *Keller v. Comm'r of Soc. Sec.*, 394 F. Supp. 3d 345, 352 (W.D.N.Y. 2019) (citing *Rosado v. Berryhill*, No. 15-CV-00717, 2018 WL 618103, at *5 (W.D.N.Y. Jan. 30, 2018). Plaintiff claims she was disabled for the period of July 13, 2013 through September 5, 2013 ("first closed period") and from April 19, 2017 through April 25, 2018 ("second closed period"). (T. 30-31, 704.) Plaintiff engaged in successful gainful employment between the two closed periods and returned to successful gainful employment after the second closed period. (T. 678.)

Medical expert, Dr. Sabow, testified during Plaintiff's 2018 hearing. (T. 696-701.) Prior to the hearing, Dr. Sabow received a letter asking him to provide testimony in Plaintiff's case "primarily" for the period of July 13, 2012 through December 31, 2017. (T. 788.) At the hearing Dr. Sabow testified to Plaintiff's diagnoses and whether her impairments met or equaled a Listing. (T. 696-701.) When asked at the hearing if, based on Plaintiff's diagnoses, her conditions met or equaled a Listing, Dr. Sabow responded that Plaintiff did not have the required neurological abnormalities needed to meet a Listing. (T. 699.) Dr. Sabow testified Plaintiff's impairments in "combination" equaled Listing 1.04. (T. 700.)[2] The ALJ, seeking clarification, asked Dr. Sabow, "based on your review of the medical record, you find that the claimant equals the listing 1.04 with the combination of her spinal issues as well as in combination with her should issues. Is that correct?" (T. 700.) Dr. Sabow responded, "that is exactly the way I put it, Your Honor." (*Id.*)

---

[2] Dr. Sabow testified, "When I look at that, the whole picture, I look at this as a combination issue. She doesn't meet any single area that I could say she – this is a [inaudible] the problem with the shoulders. But if you put it all together, then, I guess we have – in combination, she has a major problem." (T. 700.)

Although Plaintiff argues she medically equals a Listing based on Dr. Sabow's testimony and requests remand solely for calculation of benefits, the record does not compel the conclusion Plaintiff met or equaled a Listing during her second closed period of benefits.  Indeed, Plaintiff, Defendant, and the ALJ offer three different, and plausible, interpretations of Dr. Sabow's hearing testimony.

In his written decision, the ALJ concluded:

> Dr. Sabow's testimony establishes that [Plaintiff] did not meet or equal a listing including 1.04 when considering her condition during the requested closed period of disability [April 19, 2017 through April 25, 2018]. Dr. Sabow analyzed the complete record and provided probative and supported findings when determining [Plaintiff] only equaled listing 1.04 from July 13, 2012 to September 5, 2013.

(T. 674.)  Plaintiff argues Dr. Sabow testified she equaled Listing 1.04 during the entire time period.  (Dkt. No. 11 at 14.)  Defendant argues Dr. Sabow testified Plaintiff equaled the Listing on September 14, 2018, five months after the period at issue.  (Dkt. No. 13 at 5.)

Although Dr. Sabow opined Plaintiff's combination of impairments equaled Listing 1.04, a review of Dr. Sabow's testimony, together with the record, fails to provide any clarification regarding the timeframe during which the Listing requirements were equaled or what evidence in the record supported the doctor's conclusion.  At the hearing, Dr. Sabow did not provide, nor was he asked, what time frame his opinion applied to.  (T. 696-701.)  The medical expert's testimony is further complicated because he did not provide, nor was he asked to provide, specific citation to any evidence in the record to support his determination.  (T. 696-701.)  Further, even if Dr. Sabow's testimony supported a determination that Plaintiff's impairments, in combination, equaled a Listing, the step three determination is reserved to the

11

Commissioner. *See* 20 C.F.R. § 404.1527(e)(2).  Therefore, the record does not provide "persuasive proof of disability" and remand for further proceedings is appropriate. *Rivera v. Barnhart*, 423 F.Supp.2d 271, 279 (S.D.N.Y.2006) (citing *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir.1980).

On remand the ALJ need only address the second closed period, from April 19, 2017 to April 25, 2018.  Although both parties agree remand for further proceedings is required, at the least, to resolve an apparent conflict between vocational expert testimony and the Dictionary of Occupational Titles; the parties disagree on whether the ALJ properly determined Plaintiff's impairments equaled a Listing during her second closed period from April 19, 2017 to April 25, 2018.  This case was previously remanded to the ALJ to revisit his step two determination, to consider Plaintiff's RFC, and if needed call on a vocational expert.  (T. 715-716.)  Plaintiff requested a second period of closed benefits for the first time at her hearing on remand.  (T. 703-704.)  On remand the ALJ sought the services of Dr. Sabow to review Plaintiff's record and provide testimony.  The ALJ relied on Dr. Sabow's opinion, and other evidence in the record, to support his determination that Plaintiff's impairment equaled Listing 1.04 for the first closed period, July 13, 2012 through September 5, 2013.  (T. 673-676.)

Although Defendant argues Dr. Sabow testified Plaintiff's impairments did not equal a Listing until September 14, 2018; Defendant does not question the ALJ's determinations prior to April 2017.  (Dkt. No. 13 at 5.)  Indeed, in support of his argument for remand for additional proceedings, Defendant acknowledges Plaintiff applied for benefits in 2009 and the Social Security Administration favorably resolved all periods of alleged disability up through April 2017.  (Dkt. No. 13 at 6.)  Because neither

Plaintiff nor Defendant question the ALJ's findings prior to April 19, 2017, on remand the ALJ need only consider the second closed period, from April 19, 2017 through April 25, 2018.

Overall, remand for further proceeding is necessary to determine if Plaintiff's impairments, or combination of impairments, meet or equal a Listing between April 19, 2017 and April 25, 2018.  If the ALJ's analysis proceeds past step three for the time period in question, additional analysis at steps four and five will also be required.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is **<u>GRANTED in PART and DENIED in PART</u>**; and it is further

**ORDERED** that Defendant's motion for remand for further proceedings (Dkt. No. 13) is **<u>GRANTED</u>**; and it is further

**ORDERED** that this matter is **REMANDED** to Defendant, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated:       March 25, 2021

*/s/ Bill Carter*
William B. Mitchell Carter
U.S. Magistrate Judge